UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

STACEY FULLER and BRENT FULLER, )
)
    *Plaintiffs*, )
) Case No. 1:04-cv-113
v. )
) Judge Mattice
TENNESSEE VALLEY AUTHORITY, *et al.*, )
)
    *Defendants*. )

## **MEMORANDUM AND ORDER**

The issue currently before the Court is the basis for the Court's jurisdiction over the remaining Defendants: James Webster, Joshua Howard, Cynthia Galloway, William Wright, and Debra Capehart.

**I.    BACKGROUND**

Plaintiffs filed the complaint in this matter on April 15, 2004, against Defendants Tennessee Valley Authority ("TVA"), Stone & Webster, James Webster, Joshua Howard, Michael Goodwin, Cynthia Galloway, William Wright, Debra Capehart, and various John Does who were unnamed employees and managers of TVA and Stone & Webster. [Court Doc. No. 1.] Defendants TVA, Stone & Webster, Michael Goodwin, and the John Does were previously dismissed from this case. [Court Doc. Nos. 32, 38, 83, 88.]

Because Defendants James Webster, Joshua Howard, Cynthia Galloway, William Wright, and Debra Capehart failed to plead or otherwise respond to the complaint after being properly served, the Clerk entered the default of such Defendants upon the request of Plaintiffs. [Court Doc. Nos. 30, 89.] On April 25, 2007, Plaintiffs moved for the entry of a default judgment against Defendants Webster, Howard, Galloway, Wright, and Capehart

[Court Doc. No. 92], and the Court referred such motion to U.S. Magistrate Judge Susan K. Lee for a report and recommendation as to the liability of such Defendants for the causes of action alleged by Plaintiffs and as to the amount of damages due to Plaintiffs as a result of each Defendant's liability for such causes of action [Court Doc. No. 95].

On May 30, 2007, Magistrate Judge Lee held an evidentiary hearing with respect to Plaintiffs' motion for default judgment. [Court Doc. No. 99.] At such hearing, Magistrate Judge Lee inquired about the basis for the Court's jurisdiction in this action with respect to Plaintiffs' claims against Defendants Webster, Howard, Galloway, Wright, and Capehart. [Court Doc. No. 100.] On June 5, 2007, Magistrate Judge Lee issued an order requiring Plaintiffs to file a brief concerning the jurisdiction of this Court. [Court Doc. No. 100.] Plaintiffs filed such brief on June 27, 2007. [Court Doc. No. 101.]

## II. ANALYSIS

Plaintiffs present two main arguments with respect to the basis for this Court's jurisdiction over their claims against Defendants Webster, Howard, Galloway, Wright, and Capehart: (1) that the Court has original federal question jurisdiction over the relevant claims because they arose in a "federal enclave" and (2) that, even if the Court does not have original jurisdiction over the relevant claims, the Court should exercise its supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367. The Court will address each argument in turn.

## A. Federal Enclave Jurisdiction

Plaintiffs first assert that the Court has original federal question jurisdiction over their claims against Defendants Webster, Howard, Galloway, Wright, and Capehart pursuant to 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). As a result, "it is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hudson*, 347 F.3d at 141. Thus, in the case at bar, it is Plaintiffs' burden to establish that the Court has federal question jurisdiction over Plaintiffs' remaining claims. Plaintiffs have attempted to meet their burden by asserting that this Court has federal enclave jurisdiction over such claims, citing *Akin v. Ashland Chemical Co.*, 156 F.3d 1039 (10th Cir. 1998).

Federal enclave jurisdiction is derived from Article I, Section 8 of the U.S. Constitution, which provides that Congress has the power "[t]o exercise exclusive Legislation in all Cases whatsoever, over such District . . . as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful buildings . . . ." U.S. Const. art. I, § 8, cl. 17. Such places over which Congress exercises exclusive legislation and authority pursuant to this clause are "federal enclaves." *Akin*, 156 F.3d at 1034; *Lord v. Local Union No. 2088*, 646 F.2d 1057, 1059 (5th Cir. 1981). It is settled law that tort actions which

arose from incidents occurring in federal enclaves may be initiated in or removed to federal court as part of the district court's federal question jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *Akin*, 156 F.3d at 1034; *Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952).

In the case at bar, Plaintiffs' claims arise from an incident that occurred at TVA's Sequoyah nuclear power plant, which is located in Tennessee. Thus, in order to prove that federal enclave jurisdiction applies to Plaintiffs' claims, Plaintiffs must prove that the Sequoyah nuclear power plant is a federal enclave.

"Whether federal enclave jurisdiction . . . exists is a complex question, resting on such factors as whether the federal government exercises exclusive, concurrent or proprietarial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether that law is consistent with federal policy, and whether it has been altered by national legislation." *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994). To establish that a federal enclave was created, two essential facts must be proved: (1) that the state gave its consent to the United States' exclusive federal jurisdiction and (2) that the United States formally accepted exclusive federal jurisdiction. *See, e.g.*, *Zuniga v. Chugach Maint. Servs.*, No. CVF060048AWILJO, 2006 WL 769317, at *5 (E.D. Cal. Mar. 24, 2006); *Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1347 (D. Utah 2005); *Sinicki v. Gen. Elec. Co.*, No. 1:05-CV-508, 2005 WL 1592961, at *2 (N.D.N.Y. July 7, 2005).

With respect to the state's consent, in other cases parties have cited a statute that gave consent to cession, *see Bachman*, 402 F. Supp. 2d at 1347, or have presented

evidence of consent contained in the "deed of cession," *Abdi v. Brookhaven Sci. Assocs., LLC*, 447 F. Supp. 2d 221, 227-28 (E.D.N.Y. 2006).  Here, Plaintiffs have presented nothing: they do not cite to a statute, nor do they submit any type of documentary evidence showing consent by the state of Tennessee.[1]

With respect to the United States' acceptance, such acceptance may be demonstrated by presenting evidence of "a formal notice of acceptance to the state government, or compliance with the state laws indicating the federal government's intent to accept jurisdiction." *Bachman*, 402 F. Supp. 2d at 1347.  Plaintiffs have not presented any evidence of a formal notice or of compliance with Tennessee state law.

Accordingly, in the absence of any evidence in the record, the Court must conclude that Plaintiffs have not met their burden of establishing the state of Tennessee's consent or the United States' acceptance.  The Court expresses no opinion regarding whether the Sequoyah nuclear power plant or any other TVA land is, in fact, a federal enclave.  The Court does, however, conclude that Plaintiffs have failed to meet their burden of establishing that the Sequoyah nuclear power plant is a federal enclave.  As a result, and in the absence of any other theory regarding the existence of a federal question, the Court must conclude that Plaintiffs have not met their burden of proving that the Court has original federal question jurisdiction over Plaintiffs' claims against Defendants Webster, Howard, Galloway, Wright, and Capehart.

---

[1] Through its own search, the Court has been able to locate in the Tennessee Code Annotated at least one statute granting the state of Tennessee's consent with respect to other land, *see, e.g.*, Tenn. Code Ann. § 11-18-101, but the Court was unable to locate a similar statute that applies to TVA land in general or to the Sequoyah nuclear power plant in particular.

## B. Supplemental Jurisdiction

Plaintiffs concede in their brief that the Court does not have original diversity jurisdiction over the remaining Defendants, as there is not complete diversity of citizenship between Plaintiffs and the remaining Defendants. In the absence of original jurisdiction over these claims, the Court has supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367.

Section 1367 provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). Pursuant to § 1367, it is "within the district court's discretion to decline to exercise jurisdiction over Plaintiffs' state-law claims once it dismisse[s] the federal claims." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Robert N. Clemens Trust*, 485 F.3d at 853.

Plaintiffs have cited nothing in their brief, and the Court is not aware of anything, which indicates that this case is anything other than the "usual case" in which the relevant factors weigh in favor of declining to exercise supplemental jurisdiction. Accordingly, the Court shall decline to exercise supplemental jurisdiction over Plaintiffs' state law claims

against Defendants Webster, Howard, Galloway, Wright, and Capehart, and such claims shall be dismissed without prejudice.

## III. CONCLUSION

For the reasons explained above, the Court concludes that it does not have original federal question jurisdiction or original diversity jurisdiction over Plaintiffs' state law claims against Defendants Webster, Howard, Galloway, Wright, and Capehart. Further, in accordance with its discretion to do so under 28 U.S.C. § 1367, the Court **DECLINES** to exercise supplemental jurisdiction over such state law claims. Accordingly, Plaintiffs' claims against Defendants James Webster, Joshua Howard, Cynthia Galloway, William Wright, and Debra Capehart are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 13th day of July, 2007.

                                    */s/Harry S. Mattice, Jr.*
                                    HARRY S. MATTICE, JR.
                                    UNITED STATES DISTRICT JUDGE